# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PIERRE GREEN, | ) |
| Plaintiff, | ) |
| | ) No. 15-cv-07928 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| VICTOR FLOREZ, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Pierre Green alleges that Officers Victor Florez and Matthew Wirth of the Chicago Police Department ("CPD") falsified official police documents, resulting in Green's wrongful conviction and incarceration. Green has brought this case pursuant to 42 U.S.C. § 1983, asserting claims against Defendants Florez, Wirth, and the City of Chicago ("City") based on the alleged violation of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Before the Court is Defendants' motion to dismiss the Complaint. (Dkt. No. 21.) For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND

The following facts taken from Green's Complaint are accepted as true for purposes of Defendants' motion to dismiss. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

In September 2009, Florez arrested Green for possession of a stolen vehicle, felony possession of a firearm while on parole, and being an "armed habitual criminal." (Compl. ¶¶ 9–11, Dkt. No. 1.) According to Green, Florez had no lawful basis for the arrest. (*Id.* ¶ 9.) Several weeks later, on October 14, 2009, Green was charged with possession of a stolen motor vehicle,

being an "armed habitual criminal," two counts of unlawful use of a weapon, and four counts of aggravated unlawful use of a weapon. (*Id.* ¶ 12.) On July 28, 2011, after a bench trial, the judge found Green guilty. (*Id.* ¶ 13.) Nearly two years after his conviction, on July 22, 2013, Green moved for and was granted a new trial. (*Id.* ¶ 14.) Eventually, on October 4, 2013, Green "was cleared of all charges in a manner indicative of his innocence." (*Id.* ¶ 18.)[1] Green remained incarcerated for the entire period from his arrest in September 2009 until his release in October 2013. (*Id.* ¶ 16.)

Green further alleges that Florez and Wirth "made an agreement to violate [Green's] rights . . . [by] filing . . . false and incomplete police reports and charges" between July 31, 2013 and September 9, 2015, the date of the filing of the Complaint. (*Id.* ¶ 15.) In particular, according to Green, both Florez and Wirth, "[i]n official police documents, and under oath," accused Green "of criminal activity and [also] made statements to prosecutors and to other [*sic*] with the intent of exerting influence to institute and/or continue judicial proceedings against" Green, even though they knew those accusations were false and made without probable cause. (*Id*. ¶¶ 23–25.)

Green's Complaint includes four counts: a claim against the individual officer Defendants based on their alleged falsification or fabrication of evidence in violation of Green's Fourteenth Amendment due process rights (Count I), a claim that the individual officer Defendants engaged in a conspiracy to violate his due process rights (Count II), a state law claim for indemnification against the City (Count III), and a claim against the City based on *respondeat superior* liability (Count IV).[2]

---

[1] Green's Complaint does not specify the manner in which the charges were finally resolved.

[2] The Complaint numbers both claims against the City as "Count III." (*See* Compl. at 7–8.)

# DISCUSSION

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## I.

As a initial matter, in response to Defendants' motion to dismiss, Green makes clear that he is not seeking to assert claims based on any alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), federal malicious prosecution, misrepresentations during trial testimony, or state law malicious prosecution. (*See* Pl.'s Resp. at 2, Dkt. No. 26.) Instead, Green's Complaint is limited to a claim that Defendants violated his rights under the Due Process Clause based on the fabrication of evidence, which caused Green to suffer a deprivation of liberty in the form of jail-time.

The Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Seventh Circuit has "consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of her liberty in some way." *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012). But while § 1983 provides a remedy to certain criminal defendants who have suffered a loss of

liberty because a police officer fabricated evidence against them, not all acts of evidence fabrication violate a criminal defendant's due process rights. *See Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001). For example, *Newsome* involved a § 1983 claim brought by a man who had served 15 years in prison for a murder he did not commit. He sued five CPD officers, including two that he alleged, among other things, failed to disclose that they fabricated evidence by coaching witnesses to select the plaintiff's picture from a lineup despite their earlier identifications from a book of mug shots that did not contain his photo. *Newsome*, 256 F.3d at 749. The plaintiff in *Newsome* brought a federal due process claim sounding in malicious prosecution against the officers for their failure to halt his criminal prosecution. *Id.* However, the Seventh Circuit held that there was no federal constitutional tort for malicious prosecution when such a claim existed under the relevant state law. *Id.* at 750.

Recently, the Seventh Circuit set up what at first glance may appear to be a conflict with *Newsome* with its decision in *Avery v. City of Milwaukee*, 847 F.3d 433 (7th Cir. 2017). In *Avery*, the plaintiff was convicted based on a fake confession and the false testimony of three jailhouse informants. *Id.* at 435–36. While a jury found for the plaintiff on his due process fabrication of evidence claim, the district court set aside the verdict, finding that that claim was not viable given the availability of a state law remedy for malicious prosecution. The Seventh Circuit reversed the decision, however, holding that the "availability of a state-law remedy for malicious prosecution doesn't defeat a federal due-process claim against an officer who fabricates evidence that is later used to obtain a wrongful conviction." *Id.* at 441.

But while *Avery* and other cases recognizing a fabrication of evidence due process claim may seem at first blush to conflict with *Newsome*, the two lines of authority can be readily reconciled. Whereas a malicious prosecution claim is founded on the constitutional right not to

4

be prosecuted without probable cause, *Newsome*, 256 F.3d at 750, a fabrication of evidence claim is based on a defendant's right to not be deprived of liberty on the basis of false evidence, *see Avery*, 847 F.3d at 439; *Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014). In short, *Newsome* does not "stand[] for the proposition that fabricating evidence does not violate a defendant's due process." *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015). Instead, it "merely establish[es] that allegations that sound in malicious prosecution must be brought pursuant to state law." *Id.*

## II.

Construed as a Due Process claim based on his post-trial deprivation of liberty, Green has not adequately pleaded a claim in Count I. As explained above, although fabrication of evidence may not always give rise to a due process claim actionable under § 1983, such a claim may exist where the defendant has been convicted based on fabricated evidence. *See Petty v. City of Chi.*, 754 F.3d 416, 422–44 (7th Cir. 2014). Thus, to plead a Due Process claim adequately, Green must alleges facts sufficient to plausibly suggest that Defendants fabricated evidence ***and*** that the evidence fabrication precluded him from receiving the trial process due to him. *See Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016). He has not done so here.

As currently pleaded, the Complaint contains no allegations indicating that any allegedly fabricated evidence was actually used at trial or otherwise played any role in his conviction at trial, resulting in his post-trial detention. Instead, Green alleges that he "was improperly subjected to judicial proceedings for which there was no probable cause" (Compl. ¶ 22); that those proceedings "were instituted and continued maliciously" (*id*.); and that the officer Defendants "accused [Green] of criminal activity and made statements to prosecutors and to other[s] with the intent of exerting influence tom institute and/or continue judicial proceedings

5

against [Green]" (*id.* ¶ 23). The Complaint further alleges facts regarding the circumstances of Green's arrest, such as that he was arrested without lawful basis (*id.* ¶ 9) and that he did not obstruct, strike, flee from, or use force against the officers who arrested him (*id.* ¶ 10). All these allegations suggest claims based on false arrest or malicious prosecution.

While the Complaint references "false and incomplete police reports and charges" (*id.* ¶ 15), it does not make any allegations regarding how or even whether those false and incomplete reports and charges were presented at trial. As such, the Complaint leaves completely to the speculation of the reader what evidence was fabricated, how the evidence was fabricated, and the manner in which any such fabricated evidence was used at trial. Indeed, the Complaint does not actually allege that fabricated evidence was, in fact, presented at trial. (Notably, Green disavows any claim that fabricated evidence was presented in the form of misrepresentations during the police officers' trial testimony.) The Complaint is also silent on whether the revelation of officer misconduct played any role in the decision to grant Green a new trial or Green being cleared of all charges in a manner indicative of his innocence. Ultimately, Green has failed to raise his due process claim "above the speculative level." *Twombly*, 550 at 555. Because the Court cannot reasonably infer that he is entitled to relief on his Due Process claim, the Court grants Defendants' motion to dismiss as to Count I.

### III.

Green also alleges, in Count II, that Florez and Wirth unlawfully conspired to violate his due process rights and, in Count III, that the City should be held liable for violations committed by Florez and Wirth pursuant to the doctrine of *respondeat superior* and should pay any judgment entered against Florez or Wirth under 745 ILCS 10/9-102. These claims all depend on Green's ability to establish an underlying constitutional violation. For instance, to prove

6

conspiracy under § 1983, a plaintiff must establish that the defendants "reached an understanding to deprive the plaintiff of his constitutional rights." *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007); *see also McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (holding that to survive a motion to dismiss, a claim against a city for indemnification of a constitutional violation requires an allegation of an underlying constitutional violation). As discussed above, Green has not stated a claim for violation of his constitutional rights.[3] Accordingly, the Court grants Defendants' motion to dismiss Green's conspiracy, indemnification, and *respondeat superior* claims as well.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is granted. The Complaint is dismissed without prejudice. Green will be granted an opportunity to amend his Complaint to remedy its deficiencies.

ENTERED:

Dated: November 16, 2018

_____
Andrea R. Wood
United States District Judge

---

[3] Green's additional claims fail for at least two other reasons. First, *respondeat superior* liability generally does not apply in the context of § 1983 claims. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Instead, to be held liable for the actions or omissions of their subordinates, supervisors "must know about the [unconstitutional] conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010). And for a municipality to be held liable under § 1983, the plaintiff's constitutional rights must have been violated by a municipal policy, custom, or actions of a policymaker. *See Ball v. Indianapolis*, 760 F.3d 636, 643 (7th Cir. 2014) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Second, although Green alleges that Florez and Worth reached "an agreement" on July 31, 2013—apparently to cover up their earlier violations—Green fails to provide any detail about that agreement. "[T]he form and scope of the conspiracy are thus almost entirely unknown." *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999); *see also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (requiring plaintiff pleading a conspiracy to "indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with").

7