IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIERRE GREEN,<br><br>    PLAINTIFF,<br><br>V.<br><br>OFFICER VICTOR FLORES, OFFICER MATTHEW WIRTH, THE CITY OF CHICAGO, and UNKNOWN OFFICERS<br><br>    DEFENDANTS. | Case No: 1:15-cv-07928<br><br>Judge Andrea R. Wood |

## AMENDED COMPLAINT

NOW COMES the PLAINTIFF PIERRE GREEN, by and through his attorney, Blake Horwitz, Esq., of The Blake Horwitz Law Firm, LTD., complaining of DEFENDANT OFFICER FLORES 11981, OFFICER WIRTH #7897 ("INDIVIDUAL DEFENDANT OFFICERS"), and the CITY OF CHICAGO, and states as follows.

### JURISDCITON AND VENUE

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and §1343(a)(3), as the federal claims are brought under 42 U.S.C. § 1983. Venue is proper pursuant to 28 U.S.C. § 1391(b), as all or some of the parties reside in the Northern District of Illinois and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the PLAINTIFF'S state law claims pursuant to 28 U.S.C. § 1367(a), as the claims arise out of the same group of operative facts.

## PARTIES

2. The PLAINTIFF, PIERRE GREEN, is a citizen of the United States who at all times relevant to the allegations herein lived in Chicago, Illinois, and who at all times enjoyed the rights enumerated under the Constitution of the United States.

3. Pursuant to 745 ILCS 10/9-102, the DEFENDANT CITY OF CHICAGO is a duly constituted local public entity, and is liable for any judgments entered against DEFENDANT OFFICER FLORES AND/OR OFFICER MATTHEW WIRTH AND/OR UNKOWN OFFICERS ("INDIVIDUAL DEFENDANT OFFICERS) arising in the course of their employment.

4. When the INDIVIDUAL DEFENDNAT OFFICERS engaged in the conduct alleged in this COMPLAINT, they were acting in the course and scope of their employment.

5. When the INDIVIDUAL DEFENDANT OFFICERS engaged in the conduct alleged in this COMPLAINT, they were on duty.

6. When the INDIVIDUAL DEFENDANT OFFICERS engaged in the conduct alleged in this COMPLAINT, they were acting as agents of the DEFENDANT CITY OF CHICAGO.

7. When the INDIVIDUAL DEFENDANT OFFICERS engaged in the conduct alleged in this COMPLAINT, they were acting under color of law.

## FACTS

8. On September 29, 2009, PLAINTIFF was walking near 103rd street and Lowe Avenue in Chicago, IL.

9. As PLAINTIFF was walking, The INDIVIDUAL DEFENDANT OFFICERS approached the PLAINTIFF.

10. Without any lawful basis, DEFENDANT FLORES arrested PLAINTIFF.

11. On September 29, 2009, PLAINTIFF did not:

   a. Obstruct any of the INDIVIDUAL DEFENDANT OFFICERS;

   b. Strike any of the INDIVIDUAL DEFENDANT OFFICERS;

   c. Flee from any of the INDIVIDUAL DEFENDANT OFFICERS;

   d. Violate a law in the presence of any INDIVIDUAL DEFENDANT OFFICERS;

   e. Violate a law at any time; or

   f. Use force directed at or against any of the INDIVIDUAL DEFENDANT OFFICERS.

12. On September 29, 2009, PLAINTIFF was arrested and charged with possession of a stolen vehicle, felony possession of a fire arm on parole, and armed habitual criminal.

13. On September 29, 2009, the INDIVIDUAL DEFENDANT OFFICERS entered into a conspiracy to deprive PLAINTIFF of his constitutional rights.

14. On or around September 29, 2009, The INDIVIDUAL DEFENDANT OFFICERS fabricated evidence that:

   a. The INDIVIDUAL DEFENDANT OFFICERS received a call that there was a "suspicious vehicle" in their vicinity;

   b. The INDIVIDUAL DEFENDNANT proceeded to the location and saw a vehicle that matched the description in the call;

   c. The INDIVIDUAL DEFENDANT OFFICERS pulled over the vehicle;

   d. DEFENDANT OFFICER FLORES approached the driver's side door of the vehicle and saw PLAINTIFF in the driver's seat;

   e. DEFENDANT OFFICER WIRTH approached the passenger's side door of the vehicle;

   f. The INDIVIDUAL DEFENDANT OFFICERS identified PLAINITFF as the driver of the vehicle;

   g. The INDIVIDUAL DEFENDANT OFFICERS observed a handgun in the PLAINTIFF'S lap;

      h. DEFENDANT OFFICER FLORES asked PLAINTIFF to step out of the vehicle, and PLAINTIFF sped away;

      i. The INDIVIDUAL DEFENDANT OFFICERS engaged in a vehicular chase with the PLAINTIFF;

      j. The PLAINTIFF eventually exited the vehicle and fled on foot;

15. The INDIVIDUAL DEFENDANT OFFICERS memorialized the information in paragraph 14 in a police report.

16. The INDIVIDUAL DEFENDANT OFFICERS relayed the information in paragraph 14 to the State's Attorney's office.

17. On October 14, 2009, PLAINTIFF was charged with four counts of aggravated unlawful use of a weapon, one count of armed habitual criminal, two counts of unlawful use of a weapon by a felon and possession of a stolen motor vehicle.

18. The fabricated evidence described in paragraph 14 was the basis of the charges, as the charges were derived from the written reports of the INDIVIDUAL DEFENDANT OFFICERS and the communications between the INDIVIDUAL DEFENDANT OFFICERS and the prosecuting attorneys.

19. On July 28, 2011, PLAINTIFF had a bench trial.

20. At the bench trial, INDIVIDUAL DEFENDANT OFFICERS testified to the allegations listed in paragraph 14 of this Amended Complaint. These officers spoke to the Assistant State Attorney(s) that prosecuted the case before the trial and continued to communicate the above referenced false allegations to the Assistant State Attorney(s) prior to and during the trial.

21. The Assistant State Attorney(s) relied upon the false representations that were communicated to them in writing and orally by the INDIVIDUAL DEFENDANTS.

22. On July 28, 2011, PLAINTIFF was found guilty at a bench trial.

23. The Trial Court relied on the evidence that the INDIVIDUAL DEFENDANT OFFICERS fabricated to convict the PLAINTIFF.

24. The PLAINTIFF filed a motion for new trial.

25. On July 22, 2013, PLAINTIFF'S motion for a new trial was granted after fabricated evidence generated by the INDIVIDUAL DEFENDANTS was presented to the Court.

26. From September 29, 2009 until October of 2013, PLAINTIFF was incarcerated.

27. On October 4, 2013, the charges against PLAINTIFF were dismissed.

28. The charges against the PLAINTIFF were dismissed in a manner indicative of his innocence.

## COUNT 1
### 14th Amendment Falsification of Evidence Pursuant to 42 U.S.C. § 1983
### (Against INDIVIDUAL DEFENDANT OFFICERS)

29. PLAINTIFF re-alleges paragraphs 1-28 as set forth above.

30. The INDIVIDUAL DEFENDANT OFFICERS fabricated evidence against PLAINTIFF.

31. The fabricated evidence was the basis of PLAINTIFF's arrest.

32. The fabricated evidence was the basis of the charges brought against PLAINTIFF.

33. The INDIVIDUAL DEFENDANT OFFICERS testified to the fabricated evidence at PLAINTIFF's criminal trial.

34. The fabricated evidence proximately caused PLAINTIFF'S criminal conviction.

35. The use of the fabricated evidence throughout the criminal proceedings deprived PLAINTIFF of his Fourteenth Amendment right to be free from deprivation of liberty without due process.

WHEREFORE, PLAINTIFF prays this honorable court enters judgment against the INDIVIDUAL DEFENDANT OFFICERS for compensatory damages, punitive damages, and all other remedies this court finds equitable.

### COUNT II
### 4th Amendment *Manuel* Claim Pursuant to 42 U.S.C. § 1983
### (Against INDIVIDUAL DEFENDANT OFFICERS)

36. PLAINTIFF re-alleges paragraphs 1-28 as set forth above.

37. The INDIVIDUAL DEFENDANT OFFICERS fabricated evidence against PLAINTIFF.

38. The fabricated evidence was the basis of PLAINTIFF's arrest.

39. The fabricated evidence was the basis of the charges brought against PLAINTIFF.

40. The INDIVIDUAL DEFENDANT OFFICERS testified to the fabricated evidence at PLAINTIFF's criminal trial.

41. The fabricated evidence led to the conviction of PLAINTIFF.

42. From the time INDIVIDUAL DEFENDANT OFFICERS arrested PLAINTIFF to the overturning of his conviction PLAINTIFF was detained without probable cause.

43. The fabricated evidence proximately caused PLAINTIFF's detention.

44. The use of fabricated evidence to detain PLAINTIFF was an unreasonable seizure within the meaning of the Fourth Amendment of the United States Constitution.

WHEREFORE, PLAINTIFF prays this honorable court enters judgment against the INDIVIDUAL DEFENDANT OFFICERS for compensatory damages, punitive damages, and all other remedies this court finds equitable.

### COUNT III
### Conspiracy Claim pursuant to 42 U.S.C. §1983
### (Against all INDIVIDUAL DEFENDANT OFFICERS)

45. PLAINTIFF re-alleges paragraphs 1-28 as set forth above.

46. One or more of the INDIVIDUAL DEFENDANT OFFICERS conspired and acted together to cause damage to PLAINTIFF by the following actions:

    a. Agreeing to detain PLAINTIFF without reasonable suspicion to believe that he had committed, was committing, or was about to commit any criminal act;

    b. Agreeing to arrest PLAINTIFF without probable cause; and

    c. Agreeing to falsely file criminal charges and institute criminal proceedings against PLAINTIFF that led a deprivation of PLAINTIFF'S liberty.

47. One or more of the INDIVIDUAL DEFENDANT OFFICERS conspired and acted together to cover up the detention of PLAINTIFF without reasonable suspicion and the arrest of PLAINTIFF without probable cause, by generating false and/or incomplete official reports regarding the activities of PLAINTIFF.

WHEREFORE, PLAINTIFF prays this honorable court enters judgment against the INDIVIDUAL DEFENDANT OFFICERS for compensatory damages, punitive damages, and all other remedies this court finds equitable.

## COUNT IV
### Illinois State Law Claim – Indemnification
### (Against DEFENDANT CITY OF CHICAGO)

48. PLAINTIFF re-alleges paragraphs 1-28 as set forth above.

49. INDIVIDUAL DEFENDANT OFFICERS committed the acts alleged above under the color of state law, while on duty, and in the scope of their employment by DEFENDANT CITY OF CHICAGO.

WHEREFORE, should the INDIVIDUAL DEFENDANT OFFICERS be found liable for any of the claims alleged in this Amended Complaint, PLAINTIFF demands that pursuant to 745

ILCS 10/9-102, DEFENDANT CITY OF CHICAGO pay to PLAINTIFF any judgment obtained against the INDIVIDUAL DEFENDANT OFFICERS as a result of this action.

## JURY DEMAND

The PLAINTIFF demands a trial by jury.

Respectfully submitted,

*/s Blake Horwitz*
Blake Horwitz
Attorney for the Plaintiff

Blake Horwitz
The Blake Horwitz Law Firm, LTD
111 W. Washington St., Suite 1611
Chicago, IL 60602
(312) 676-2100
(312) 445-8741